**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BOBBY SMITH

       Plaintiff,

vs.                                                                  Case No. 3:11-cv-1173-J-34JRK

ELITE TOWING OF JACKSONVILLE,
INC., a Florida corporation,

       Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

Before the Court is the Joint Motion for Court Approval of Settlement Agreement and Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. No. 11; "Motion"), filed January 30, 2012, and a copy of the Settlement Agreement Pursuant to the Fair Labor Standards Act (Motion at Ex. A (Doc. No. 11-1)) ("Settlement Agreement").[2] Count II of the Complaint, which is the entirety of the case pending before this Court, was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").[3] In a FLSA case for "back wage or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores,

---

      [1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

      [2] On January 31, 2012, an Order (Doc. No. 12) was entered referring this matter to the assigned United States Magistrate Judge "for the preparation of a Report and Recommendation as to whether such settlement is a 'fair and reasonable resolution of a bonafide dispute' over FLSA issues." (citations omitted).

      [3] The Complaint contains two counts; however, Count I was severed from the Complaint and remanded to state court, leaving Count II as the sole count before this Court. Order (Doc. No. 10), entered December 23, 2011.

Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished).

In the Complaint, Plaintiff seeks "to recover all damages provided under the FLSA, including recovery of unpaid wages and unpaid overtime wages, plus an equal amount of liquidated damages, and reasonably incurred attorneys' fees and costs." Compl. (Doc. No. 2) at 4. The parties state that although Defendant denies Plaintiff's allegations, the parties negotiated a settlement recognizing that they "continue to disagree over the merits of the claims asserted" but "[i]f the Parties were to continue to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses." Motion at 1-2, 4. The parties represent "there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter." Id. at 4. The parties agree that the settlement represents a "fair and reasonable" resolution of Plaintiff's FLSA claim and request that the Court find the same. Id. at 2. The parties also ask the Court to dismiss this action with prejudice. Id. at 5.

In compromise, Defendant agrees to pay Plaintiff $1,000 and Plaintiff's attorney $750. Settlement Agreement at 1-2. According to the Motion, "Plaintiff acknowledges that this settlement provides for full and fair payment for all overtime wages to which he may be entitled as alleged in the Complaint"; consequently, it is suggested that judicial scrutiny of the settlement is not required. Motion at 3 (citation omitted). The contention that Plaintiff received full and fair payment for claimed wages cannot be reconciled with Plaintiff's Answers to Court's Interrogatories (Doc. No. 7), in which Plaintiff sought more damages than the amount for which he ultimately settled. Compare Plaintiff, Bobby Smith's Answers to Court's Interrogatories (Doc. No. 7 at pp. 5-6) (claiming $4,047 in actual damages plus

liquidated damages), with Settlement Agreement at 1-2 (settling for $1,000 plus attorney's fees). Thus, Plaintiff indeed compromised his FLSA claim and judicial scrutiny of the settlement is required.

In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, the Court finds that by compromising Plaintiff's wage claim, he has not impermissibly waived his statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Regarding the award of attorney's fees, the parties "stipulate to the reasonableness of the proposed [attorney's] fees" and represent that the fees were negotiated separately from Plaintiff's settlement. Motion at 5 (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Upon review of the parties' papers and the remainder of the file, the Court finds that this settlement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[4] Accordingly, it is respectfully

**RECOMMENDED**:

1. That the Joint Motion for Court Approval of Settlement Agreement and Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. No. 11) be **GRANTED**.

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

2. That the Court enter an Order and Stipulated Final Judge **APPROVING** the parties' settlement.

3. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 16, 2012.

_____
JAMES R. KLINDT
United States Magistrate Judge

jld

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record